CREIGHTON SHELBY ET AL. V. ST. JAMES ORPHAN ASYLUM
ET AL.

FILED OCTOBER 22, 1902. No. 12,511.

Commissioner's opinion, Department No. 1.

1. **Will: CONTESTANT: DISTRICT COURT: FAILURE TO APPEAR: WAIVER OF JURY.** Where contestant of a will fails to appear at the hearing in district court on appeal, it is competent for the contestee to waive a jury.

2. **Guardian Ad Litem: FAILURE TO APPOINT.** Failure to appoint a guardian *ad litem* for infants who have, pending a contest, acquired by conveyance from the contestant of a will rights in property involved, will not of itself invalidate the judgment, nor entitle the infants to have it set aside at the same term.

3. **Entry on Trial Docket.** Failure to enter a cause on the trial docket of a term of court will not, in the absence of any showing of prejudice from that cause, entitle a party to set aside a judgment entered thirty days after the cause was at issue, but without notice to and in the absence of such party.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*William D. Beckett* and *J. W. Woodrough,* for plaintiffs in error.

*Constantine J. Smyth, John A. Rine* and *John C. Cowin,* contra.

HASTINGS, C.

In this case error is claimed on behalf of the grandchildren of Joseph Creighton in the district court's refusing to set aside the probate of a will and permit them to resist it. Originally these children, who were named among the legatees in the will, appeared by guardian *ad litem* to urge its admission to probate. Subsequently, and pending an appeal from the disallowance of probate by the county court, their mother, the contestant of the will, as heir of their grandfather, Joseph Creighton, conveyed to

them the property bequeathed to them by the terms of the will, and also the property bequeathed under its terms to Bishop O'Connor for some charity,—preferably an orphanage. After this conveyance was made, the children's guardian *ad litem* appeared and secured their dismissal out of the matter of the probate of the will. The other matters being thus adjusted, the mother, who was the contestant, procured a dismissal of the appeal from the disallowance of the will on the ground that the provision for the benefit of the orphan asylum was too indefinite for enforcement in any event. This dismissal was reversed by this court. 60 Nebr., 796. Mandate reversing the dismissal and for further proceedings was filed in the district court January 7, 1901, and on February 7, 1901, the cause was taken up in the absence of contestant, a jury waived, and, on hearing, the will was admitted to probate. February 9, two days later, the five minor children, to whom the property, pending the litigation, had been conveyed, appeared by next friend and moved to set aside the judgment—first, because the court was without jurisdiction; second, because the action was not placed on the trial docket, and trial was without notice; third, because the applicants were minors injuriously affected, and no guardian *ad litem* had been appointed for them, except one who had been long before dismissed; fourth, because of other irregularities. Mary Shelby also moved to set aside the judgment for lack of jurisdiction and irregularities. The motions were overruled, and the errors complained of are in the overruling of this motion of the minors.

The first one is that no evidence was submitted on the probate of this will. The record is not brought up, and whether this complaint is well founded or not, there is no means to determine. The only bill of exceptions is as to the hearing on the application to set the probate aside.

This leaves two grounds of complaint,—that no guardian *ad litem* was appointed for the minors, and that the bar

docket did not contain the case. A third one is named, but not argued,—that the hearing without a jury and the waiver by contestee were unauthorized. Evidently, if the hearing in the absence of the contestant was authorized, the waiver of a jury by the appearing party was equally so. Code of Civil Procedure, sec. 296. There are, then, in this case, only two questions,—the right to hear the case without appointment of guardian *ad litem* for the minors, who had once, because of the deeding of the property to them, been dismissed as proponents, and the right to take up the case without notice when it was not on the trial docket for the term.

To the first point no authority is cited except section 38 of the Code, that the defense of a minor must be by guardian for the suit, appointed by the court or judge, or by the probate judge. The same section provides that this appointment shall only be made after due service of summons on the minor. We do not see how this can be made to apply to a case where a minor acquired title to the subject-matter of an action while it was pending. Doubtless these minors could and should have been made defendants, and permitted to protect their rights, on a timely showing of their interest, but after judgment in a case where the jurisdiction of the court had attached, would seem to be too late. The contestant of the will certainly could not delay proceedings, or throw any burden of bringing in new parties on the contestee, by transferring the lands affected by the orphanage provision of the will, pending the proceedings to probate it.

To the other point are cited sections 321 to 327 of the Code. They provide for the keeping of a trial docket (section 321), that it shall be made up twelve days before the term (section 323), and that a copy of it for the use of the bar shall be made out before the first day of the term (section 327). Evidently, however, it is not essential to the trial of a case that it should have appeared on this docket. Section 281a provides for the trial of actions in which the issues are or should be made up dur-

ing the term. When the term, at which this cause was heard, began, we have no means of knowing, except that it was called the "February term." That any harm arose from failure to put this cause on, or that any notice or knowledge would have come to these minors or their representatives if it had gone on the trial docket, does not appear. In the absence of some showing of harm resulting, the mere failure of the clerk to put the case on the trial docket is not such an irregularity as would entitle the plaintiffs in error to have the district court's judgment set aside.

It is recommended that the judgment of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.